# EXHIBIT "1"

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF TEXAS**

JANE DOE, an individual,

          Plaintiffs,

    v.

WYNDHAM HOTELS & RESORTS, INC.;
WYNDHAM HOTEL GROUP, LLC; DAYS
INN WORLDWIDE, INC.; CHOICE HOTELS
INTERNATIONAL, INC.; MAGNA HOTELS,
LP; KASTURI, INC.; MANIR PROPERTIES II
LP; AND DOES 1-200, INCLUSIVE,

          Defendants.

Case No.: 3:25-cv-00137-DB

**PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

Plaintiff Jane Doe and Defendants Wyndham Hotels & Resorts, Inc.; Wyndham Hotel Group, LLC; Days Inns Worldwide, Inc.; Choice Hotels International, Inc.; Magna Hotels, LP; Kasturi, Inc.; Manir Properties II LP (collectively the "Parties") agree that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order. The Parties acknowledge and agree that this Protective Order does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

---

1

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

## I.    **<u>PURPOSES, LIMITATIONS, AND DEFINITIONS</u>**

A.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order.

B.    As used in this Protective Order, the following definitions shall apply:

1.    "Action" means *Jane Doe v. Wyndham Hotels & Resorts, Inc, et al.*, Case No. 3:25-cv-00137-DB pending in the El Paso Division of the United States District Court for the Western District of Texas.

2.    "Party" means any party named in this Action, which includes but is not limited to current officers, directors, and employees (including In-House Counsel) of any party.

3.    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

4.    "Public Pre-Trial Court Proceeding" means any pre-trial hearing or other proceeding, presided over by a trial court judge and taking place in a courtroom or a judge's chambers.

5.    "Plaintiff's Identity" means: [1] Plaintiff's names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential address; [5] Plaintiff's phone number(s) and social media or online user account names; [6] Plaintiff's likenessand [7] the names of Plaintiff's parents, siblings, children, and spouse, if any.

6.    "Confidential" information or material means Discovery Material that contains or otherwise reflects: [1] potentially sensitive personal identifying or financial information of non-parties, including but not limited to, names, dates of birth, social security numbers, phone numbers, addresses, email addresses, employment histories, or credit card information; [2] materials reflecting a Party's non-public financial or business information [3] any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable; [4] other "Trafficking Survivors" information as defined below; and/or [5] other information otherwise covered by a legitimate right or interest of privacy. Information that is defined as "Plaintiff's Identity" information is not to be automatically

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
(619) 771-3473

considered or designated as "Confidential." "Confidential" information does not include "Plaintiff's Identity" which is separately addressed in Section V.

7.     "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY."

8.     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

9.     "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this Action.

10.     "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

11.     "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

12.     "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Protective Order.

13.     "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit (and his or her employees or staff) who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

14.     "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

15.     "Other Trafficking Survivors" includes Non-Parties who were trafficked at the same hotel(s) as Jane Doe or other hotel(s) owned, operated, and/or branded by a Defendant.

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

16.     "Highly Confidential" information or material means Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains trade secrets or proprietary information that has been maintained as non-public or confidential.

17.     "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY" as provided for in this Protective Order.

## II.     SCOPE

A.     The protections conferred by this Protective Order cover not only Protected Material, but also [1] any information copied or extracted solely from Protected Material; [2] all copies, excerpts, summaries, or compilations of Protected Material; and [3] any testimony, conversations, or presentations by Parties or Counsel that may reveal Protected Material.

B.     Except Plaintiff's Identity, the protections conferred by this Protective Order do not cover information that is in the public domain and which has been made accessible to the public via public statements and/or publications.

C.     This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

D.     To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E.     Nothing in this Protective Order shall limit the Parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Protected Material at a hearing or trial and the status of Protected Material resulting from any such use will be determined by the Court.

## III.     ACCESS TO AND USE OF "CONFIDENTIAL" MATERIAL

A.     Basic Principles. A Receiving Party may use "Confidential," "Highly Confidential," or

4

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

"Plaintiff's Identity" material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "Confidential," "Highly Confidential," or "Plaintiff's Identity" material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. "Confidential," "Highly Confidential," or "Plaintiff's Identity" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

B.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "Confidential" Material only to:

1.    The Parties and their Counsel in this Action, where it is reasonably necessary to disclose the information for this litigation;

2.    The current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to litigate any claims or defenses and who are bound by this Protective Order;

3.    Any witness who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition, and who executes Exhibit A;

4.    Former officers, directors, and employees (including In-House Counsel) of any Party to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

5.    Experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

6.    The Court and Court personnel;

7.    Court reporters, recorders, and videographers, and their staff;

8.    Professional Vendors, including copy or imaging services, retained by counsel to assist with "Confidential" material, provided that counsel for the Party retaining the vendor instructs the vendor not to disclose any "Confidential" material to third parties and to immediately return all originals and copies of any "Confidential" material;

5

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

9. During depositions, any witness, and the witness' counsel, if any, to whom disclosure is reasonably necessary, and who have executed Exhibit A unless otherwise agreed by the Designating Party or ordered by the Court, and subject to the restrictions set forth in Section VI(D)(2) in the case of the deposition of any past officer, director, or employee. Pages of transcribed deposition testimony or exhibits to depositions that reveal "Confidential" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

10. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

11. Any mediator appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary;

12. Insurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this Action and who have signed Exhibit A;

13. Such other persons as may be designated by written agreement in this Action or by order of the Court (so long as such persons executed Exhibit A).

## IV. DISCLOSURE OF "HIGHLY CONFIDENTIAL" MATERIAL

A. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any "Highly Confidential" material only to:

1. the Receiving Party's counsel of record in this action, as well as employees of counsel and contract attorneys of counsel that have been assigned work in this matter to whom it is reasonably necessary to disclose the information for this litigation;

2. experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the Exhibit A;

3. the Court, Court personnel, court reporters, videographers, and their staff;

4. professional vendors, including copy or imaging services, retained to assist with the "Highly Confidential" material, provided that the Party retaining the vendor instructs the

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
(619) 771-3473

vendor not to disclose any "Highly Confidential" material to third parties and to immediately return all originals and copies of any "Highly Confidential" material;

5. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

6. the Designating Party's employees, managing agents, officers, directors and anyone else acting on its behalf;

7. any mediator who has been appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary; and

8. such other persons as may be designated by written agreement in this action or by order of the Court (so long as such persons execute Exhibit A).

## V.    ACCESSING AND USE OF "PLAINTIFF'S IDENTITY"

A.    Plaintiff asserts there is a compelling interest in her privacy and safety and that a protective order is necessary in this matter. The Parties agree that Plaintiff may proceed pseudonymously as "Jane Doe" or "Plaintiff" in all pre-trial public filings. The Parties further stipulate to allow Plaintiff to proceed pseudonymously in any Public Pre-Trial Court Proceeding; however, the Parties reserve the right to reassess whether Plaintiff may proceed pseudonymously at trial.

B.    Should a Party be obliged to file a document which would disclose Plaintiff's True Identity, that document shall be filed under seal, and without the need for a separate Court order.

C.    Should a Party perceive a need to file a document which would disclose information or documents designated Confidential or Highly Confidential, that document shall be filed under seal.

D.    If any Party perceives a need to identify Plaintiff during a Public Pre-Trial Court Proceeding or in a public filing, then that Party is required, before making any identifying communication, to seek an order from the Court to seal the transcript of the proceeding, and/or file a redacted document, or to file a motion to seal the record. If any Party has questions about whether any forthcoming filing or communication in connection with a Public Pre-Trial Court Proceeding complies

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

with the requirements of this Protective Order, then that Party should seek leave of Court before submitting any such filing or making any such communication. The Parties, as well as their agents, employees, and assigns, shall not disclose Plaintiff's Identity during the Public Pre-Trial Court Proceeding.

E.      Without awaiting an interrogatory or other discovery request, Plaintiff shall provide to Defendants the following information within three days of the entry of this Protective Order by the Court: (i) Plaintiff's full and (ii) Plaintiff's date of birth

F.      Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Protective Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the Plaintiff's Identity or her trafficker(s) and associates, such as, but not limited to, any medical, employment, or other information. Relatedly, nothing in this Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information.

G.      Plaintiff shall clearly mark any materials or information that contain Plaintiff's Identity with the term "PLAINTIFF'S IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's Identity.

H.      The Parties may disclose Plaintiff's Identity to the following persons only:

1.      Parties to this Action, including current employees, agents, officers, and representatives of the Parties as needed to litigate any claims or defenses.

2.      Counsel for the Parties including any employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

3.      Former employees (including In-House Counsel), officers, contractors and representatives of a Party who Counsel in good faith believes may be called to testify at trial or deposition in this action and who execute Exhibit A;

4.      Any potential, anticipated, or actual fact witness and their counsel, but only to

8

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

the extent counsel or an investigator reasonably believe Plaintiff's Identity will assist the witness in recalling, relating, or explaining facts—except that Plaintiff's current address, phone number, and Social Security Number shall never be disclosed to Plaintiff's trafficker(s) or her trafficker(s)' known associate(s) and excluding Plaintiff's non-party traffickers and their non-party associates, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action will have access to Plaintiff's name and photographs only, and who executes Exhibit A;

5.    Any mediator appointed by the Court or jointly selected by the Parties;

6.    Insurers for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with the claims asserted in this dispute;

7.    The Court and Court personnel;

8.    Court reporters, recorders, and videographers;

9.    Any custodian of records or other person/entity to whom a request for production of records or information is made or a subpoena is issued in connection with litigating this Action.;

10.    Any Expert, consultant (e.g., jury consultants,), or investigator retained by a Party or their counsel, in connection with this Action and who have signed Exhibit A;

11.    Professional Vendors, including independent providers of document reproduction, electronic discovery, or other litigation services retained or employed in connection with this Action provided that the Professional Vendor executes Exhibit A;

12.    Government agencies and agency personnel, in connection with litigating this Action or otherwise complying with legal obligations or requirements;

Such other persons as hereafter may be designated by written agreement of Plaintiff in this Action or by order of the Court and who execute Exhibit A.

I.    As used herein, "traffickers" shall not include Defendant's employees and agents whose actions may meet the definition of trafficking. Only Plaintiff's Identity—except that Plaintiff's current address, phone number, and Social Security Number—may be disclosed to the Plaintiff's trafficker(s) or their known associate(s), and counsel for her alleged trafficker(s) and her alleged trafficker(s)' known

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

associates, and only to the extent counsel or an investigator reasonably believe Plaintiff's Identity will assist the witness in recalling, relating, or explaining facts Such disclosure shall only take place the procedures herein are followed and the disclosure is ordered by this Court.

J.      Defendants shall submit an ex-parte application and notice under seal to the Court of its intent to contact Plaintiff's trafficker(s) and to reveal Plaintiff's Identity to the alleged trafficker(s), as well as serve Plaintiff with the ex-parte application and notice. In their ex-parte submission to the Court, Defendants shall describe the information sought, describe why that information is sought from the alleged trafficker(s) as opposed to some other source, any alternative means available to get the information that may be less risk to Plaintiff's safety and life, attempts to get the information from other sources, and explain the necessity of disclosing Plaintiff's identity given the risk to Plaintiff if such disclosure is made. Plaintiff shall have an opportunity to respond and/or object. The Court will evaluate the request to ensure that the information sought is relevant to the elements of a claim or defense and proportional to the needs of this case and risks involved.

1.   Should the Court grant Defendants' request, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact, the identity of the alleged trafficker(s) who will be contacted, where the contact will occur, and the information that will be disclosed regarding Plaintiff.

K.      The Parties are prohibited from disclosing Plaintiff's Identity to any person or entity other than those referenced in this Protective Order. If a Party believes it has good cause to make a disclosure that is not authorized under the terms of this Protective Order, then the Party may obtain consent from the other Party (which shall not be unreasonably withheld) or file a motion seeking a Court order to allow additional disclosure.

L.      The "Plaintiff's Identity" information is not necessarily "Confidential" or "Highly Confidential." There may be data or documents that contain "Plaintiff's Identity" information, and also contain "Confidential" or "Highly Confidential" information. In such a case, the "Confidential" or "Highly Confidential" information can be specifically identified as such and afforded its designated

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

protections, but this does not make the entire document "Confidential" or "Highly Confidential." Such protections only apply to the specifically-designated "Confidential" or "Highly Confidential" portions of the document.

## VI.    **DESIGNATING PROTECTED MATERIAL**

A.     Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

B.     Mass, indiscriminate, or routinized designations are strictly prohibited. If a Party finds that designations are shown to be clearly unjustified or have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties), then the Party may seek sanctions from the Court.

C.     If a Designating Party learns that information, items, or materials that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

D.     Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure of Discovery Material that qualifies for protection under this Protective Order must be clearly designated before or when the material is disclosed or produced.

1.     Information produced in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the word/phrase "CONFIDENTIAL" "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY" to each page that contains "Confidential," "Highly Confidential," or "Plaintiff's Identity" material. If only a portion or portions of the material on a page qualifies for protection, then the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

11

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

appropriate markings in the margins).

2.     Testimony given in a deposition or in other pretrial proceedings: the Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY." If a Party or Non-Party desires to protect "Confidential," "Highly Confidential," or "Plaintiff's Identity" material at trial, then the issue should be addressed during the pre-trial conference.

3.     Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL ," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY." If only a portion or portions of the information or item warrant protection, then the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.     Unless ordered by the Court, all inadvertent failures to designate "Confidential," "Highly Confidential," or "Plaintiff's Identity" material must be corrected promptly. Challenges to corrected designations shall be governed by Section VII.

## VII.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Any Party or Non-Party may challenge a designation of "Confidential," "Highly Confidential," and/or "Plaintiff's Identity" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.     The Parties must attempt to resolve any dispute regarding "Confidential," "Highly Confidential," and/or "Plaintiff's Identity" designations without Court involvement. Any motion

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

regarding "Confidential," "Highly Confidential," and/or "Plaintiff's Identity" designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

C.     If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may file and serve an appropriate motion. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to maintain the material in question as "Confidential," "Highly Confidential," and/or "Plaintiff's Identity" until the Court rules on the challenge.

**VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by the Party as the Receiving Party through discovery in this Action, which has been designated by the Designating Party to this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY" then the Receiving Party must:

1.     Promptly notify in writing the Designating Party and include a copy of the subpoena or court order;

2.     Promptly notify in writing the litigant in the other litigation who caused the subpoena or order to issue, that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3.     Meet and confer with the Designating Party whose "Confidential," "Highly Confidential," or "Plaintiff's Identity" information may be affected and attempt to reach agreement on

13

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

safeguards for compliance with the subpoena or court order issued in the other litigation. If the Receiving Party and the Designating Party are unable to reach agreement, they may submit the dispute to the Court for resolution.

**IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed "Confidential," "Highly Confidential," or "Plaintiff's Identity" material to any person or in any circumstance not authorized under this Protective Order, then the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosure(s); [2] use its best efforts to retrieve all unauthorized copies of the Protected Material; and [3] inform the person or persons to whom unauthorized disclosures were made of the relevant terms of this Protective Order and the need to cure the unauthorized disclosure.

**X.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

B.     Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

C.     The Receiving Parties must, unless they contest the claim or privilege or protection in accordance with this Protective Order, return, delete, or destroy all copies of the inadvertently disclosed material(s).

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

   **PRESENTED BY:**


                                           SINGLETON SCHREIBER, LLP

Dated:                          By:     /s/_____

                                        Gerald Singlton (TX 24104254)
                                        gsingleton@singletonschreiber.com
                                        Meagan Verschueren (CA 313117) *PHV applicant*
                                        mverschueren@singletonschreiber.com
                                        Katie Llamas (CA 303983) *PHV applicant*
                                        kllamas@singletonschreiber.com
                                        Pilar Borneo (NM 153971) *PHV applicant*
                                        pborneo@singletonschreiber.com
                                        591 Camino de la Reina, Ste. 1025
                                        San Diego, CA 92108
                                        Tel. (619) 771-3473
                                        **Attorneys for Plaintiff JANE DOE**


                                        BAKER  DONELSON  BEARMAN  CALDWELL  &
                                            BERKOWITZ PC

Dated:                          By:     _____
                                        Katriel Statman
                                        Texas Bar No. 24093197
                                        1301 McKinney, Ste 3700
                                        Houston, TX 77010
                                        Tel: 713-210-7443
                                        Email: kstatman@bakerdonelson.com
                                        **Attorney for Defendant Choice Hotels
                                        International, Inc.**


                                        DLA PIPER LLP (US)

Dated:                          By:     _____
                                        Mallory Biblo
                                        Texas Bar No. 24087165
                                        Email: Mallory.biblo@us.dlapiper.com
                                        John C. Canoni
                                        Texas Bar No. 24117335
                                        john.canoni@us.dlapiper.com

Taylor S. Sorilla
State Bar No. 24141424
taylor.sorilla@us.dlapiper.com
1900 N. Pearl Street, Ste. 2200
Dallas, TX 75201-2482
Tel: 214-743-4584
**Attorneys for Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group LLC, and Days Inns Worldwide, Inc.**


GORDON REES SCULLY MANSUKHANI, LLP

Dated:                          By:    _____
Christopher C. Ege
Texas Bar No. 24029532
cege@grsm.com
Jason J. Irvin
Texas Bar No. 24032460
jirvin@grsm.com
Brittany N. Murphree
Texas Bar No. 24137998
bmurphree@grsm.com
Adrienne Stonecypher
Texas Bar No. 24106469
Email: astonecypher@grsm.com
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Telephone: 512-582-6496
**Attorneys for Defendant Kasturi, Inc.**


RESNICK & LOUIS, P.C.

Dated:                          By:    _____
Mary Holmesly
Texas Bar No. 24057907
1512 Center Street, Suite 515
Houston, Texas 77007
T: (281) 724-5580
E: mholmesly@rlattorneys.com
**Attorney for Defendants Magna Hotels, LP and Manir Properties, LP**

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

Dated this _____ day of _____, 2025.

<br>

_____
Hon. David Briones
UNITED STATES DISTRICT JUDGE

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[ print or type full name], of

_____[print or type full address and association with case], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Texas, El Paso Division, on _____ [date] in the case of *Jane Doe  v. Wyndham Hotels & Resorts, Inc., et al.*, No. 3:25-cv-00137-DB. I agree to comply with, and to be bound by, all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose, in any manner, any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

_____
Printed Name

_____
Signature

_____
City and State where sworn and signed

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

## CERTIFICATE OF SERVICE

I certify that on January 23, 2026, I electronically filed the foregoing document: **PROPOSED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**, and that it is available for viewing and downloading from the Court's CM/ECF system, that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 23, 2026, at San Diego, California.

___*/s/ Katie Llamas*_____
Katie Llamas

---

19

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
INFORMATION
3:25-CV-00137-DB

SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473